UNITED STATES of America,
Appellee,

v.

Edward **BOAKYE**, also known as Kwame, also known as Nana, Akosua Animpong, also known as Maame, also known as Ama Serwaa, Caroline Quarshie, Defendants–Appellants,

John Aggrey–Fynn, Defendant.

Nos. 06–5478–cr(L), 07–0297–cr(CON), 07–3050–cr(CON).

United States Court of Appeals, Second Circuit.

May 8, 2008.

Andrew G. Patel, New York, NY, for Defendant–Appellant Animpong.

Dale L. Smith, New York, NY, for Defendant–Appellant Quarshie. Daniel L. Stein, Assistant United States Attorney (Virginia Chavez Romano and Daniel A. Braun, Assistant United States Attorneys, on brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges, Hon. MARK R. KRAVITZ, District Judge.*

### SUMMARY ORDER

Defendant-appellant Akosua Animpong appeals from a judgment of conviction, following a guilty plea, entered on January 8, 2007, and defendant-appellant Caroline Quarshie appeals from a judgment of con-

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

viction, following a jury trial, entered on January 17, 2007. Both judgments were entered in the United States District Court for the Southern District of New York (Sweet, J.). Animpong was sentenced principally to a term of 87 months' imprisonment, and Quarshie was sentenced principally to a term of 27 months' imprisonment. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

On appeal, Animpong challenges the sentence imposed by the district court and Quarshie raises a *Batson* challenge and an issue of potential jury taint.

■ Animpong appeals her sentence, arguing that the district court did not understand its authority to depart from the Guidelines sentencing range once it had granted her a departure from the statutory minimum under the statutory "safety valve" in 18 U.S.C. § 3553(f). In *United States v. Castillo,* this court found that "[d]efendants eligible for safety valve relief may accordingly avoid being sentenced under statutory mandatory minimums and may instead receive the benefit of the advisory Guidelines regime." 460 F.3d 337, 354 (2d Cir.2006), *abrogated on other grounds by Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Under a review of "procedural reasonableness, ... we consider such factors as whether the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a).... " *United States v. Rattoballi,* 452 F.3d 127, 131–32 (2d Cir.2006). Despite the fact that the district court properly treated the Guidelines as advisory and considered the § 3553(a) factors in its written sentencing opinion, Animpong contends that the district court's oral statements at the sentencing hearing demonstrate that it did not fully comprehend its authority to depart from the Guidelines. Specifically, Animpong cites to the court's statement that "If our laws were the way they had been when I first started doing this work some more than 20–odd years ago, you would not be receiving this sentence.... [T]hough I wish I could conscientiously depart from the guidelines, I don't feel that I can.... I don't feel that I have any choice." In focusing on that limited portion of the court's statement, Animpong overlooks the court's statement that "in order to depart from the guidelines, there are certain decisions, requirements that have to be met, standards that have to be met.... Unfortunately, however, this was in the view of Congress and the Sentencing Commission a very serious crime." In reviewing the record as a whole, we find that the court properly understood its authority to depart from the Guidelines under the current advisory Guidelines scheme. For that reason, Animpong's sentence is affirmed as reasonable.

■ Quarshie argues that the district court did not adequately consider her challenge to the government's use of peremptory challenges under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). To make a *Batson* challenge,

> [f]irst, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination."

*Hernandez v. New York,* 500 U.S. 352, 358–59, 111 S.Ct. 1859, 114 L.Ed.2d 395

(1991) (internal citations omitted). "[T]he trial court's decision on the ultimate question of discriminatory intent represents a finding of fact of the sort accorded great deference on appeal. . . ." *Id.* at 364, 111 S.Ct. 1859. During voir dire, Quarshie challenged the government's dismissal of three jurors. Although the district court did not specifically rule on whether Quarshie had met the burden for a prima facie showing, it stated that the showing "might be arguable" and asked the government for its reasoning in dismissing the three jurors. After hearing the reasons, the district court stated, "I think the statistics, that is, the breakdown of the jury, doesn't really raise a presumption of discriminatory challenges by the government. But even if it did, I find that [the government's] explanations are satisfactory." The district court applied the three-part analysis for reviewing a *Batson* challenge and considered the presentations of the parties before ruling. Although Quarshie argues that there should have been a second opportunity to counter the reasons provided by the government, it does not appear from the record that Quarshie's counsel sought such an opportunity. In considering the evidence provided to the district court and the discretion we must afford the district court's findings, there is no basis on which to find that the district court improperly considered the *Batson* challenge or that its findings were clearly erroneous.

Quarshie argues that the district court erred in its questioning of Juror 11 after he told the court that he did not feel comfortable deliberating on the case and in the court's subsequent decision to have the remaining jurors continue their deliberations after a curative instruction. Prior to the district court's resolution of the matter, Quarshie's counsel, having been given the opportunity confer with Quarshie, stated, "I haven't changed my mind. I'm ex-actly what I said before. I'm willing to go with 11 out of 12 with whatever you consider a curative instruction." If a party actively relinquishes or waives a right, that right is not reviewable on appeal. *See United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (explaining that where a right has been waived, as opposed to forfeited, it is not subject to plain error review). By agreeing to the dismissal of Juror 11 and the curative instruction to the jury, Quarshie did not preserve the issue for appeal and has instead waived any challenge to the district court's actions on appeal.

We have considered defendants' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.